IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cr-30112-SMY |
| | ) |
| MICHAEL JOHNSON, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Michael Johnson was sentenced on July 27, 2016 to 360 months imprisonment for Conspiracy to Commit Sex Trafficking of a Child and by Force, Fraud, or Coercion (Count 1) and Sex Trafficking of a Child and by Force, Fraud, or Coercion (Counts 2-4) (Docs. 35, 37). According to the Bureau of Prisons inmate locator, he is currently housed at Berlin FCI and his projected release date is March 22, 2041.

Now pending before the Court is Johnson's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 88). The Government responded in opposition (Doc. 91). Defendant submitted a reply (Doc. 98). For the following reasons, the motion is **DENIED.**

## Background

COVID-19 is a contagious virus which continues to spread across the United States. Individuals with certain underlying medical conditions, such as serious heart conditions and chronic lung disease, and those who are 65 years of age and older carry a heightened risk of severe illness and death from the virus. <u>People Who Are at Higher Risk for Severe Illness</u>, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited January 7, 2022). Berlin FCI has a current inmate population of 810. *See* https://www.bop.gov/locations/institutions/ber/ (last visited June 24, 2022).

As of June 24, 2022, there were 0 positive COVID-19 cases among inmates and 1 positive staff member at Berlin FCI. 0 inmates have died from the virus and 457 have recovered. *See* https://www.bop.gov/coronavirus/ (last visited June 24, 2022).

Johnson is 45 years old and initially asserts that he is suffers from high blood pressure, hypertension, asthma, obesity (raised on reply), and bronchitis (raised on reply), and uses a machine to breathe, and that these conditions raise his susceptibility to COVID-19 (Docs. 88, 98). In his reply, Defendant also asserts for the first time that his kidneys are failing because he was prescribed Vasotec, a medicine generally used to treat hypertension (Doc. 98, p. 4).

## Discussion

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*. There is no issue with respect to Johnson's exhaustion of administrative remedies.

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and continues to be an issue for prisons, despite the safety protocols and policies that have been implemented. Johnson alleges that he is at increased risk from contracting COVID-19 and suffering severe illness because he suffers from the previously mentioned serious health conditions. However, he has not taken the vaccine (Doc. 98, p. 7) and fails to establish that he is unable to medically benefit from vaccination. See, *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to [the

compassionate release] statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"). It stands to reason that a prisoner who remains at risk because they declined to be vaccinated cannot then characterize this risk as an "extraordinary and compelling" justification for release. *Id*. Moreover, Johnson has presented no evidence that he is at greater risk for an adverse outcome in prison than he would be if released given his unvaccinated status. See, *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022).

Johnson separately asserts in his reply that he is suffering from kidney failure. The medical records attached by the Government indicate that Defendant's GFR numbers are consistently under 60, which perhaps "suggests chronic kidney disease" according to the same lab reports (Doc. 91-1, pp. 89, 91, 95). Although a "serious physical or medical condition" may (in certain circumstances where self-care is unavailable in prison) constitute an extraordinary and compelling reason under the United States Sentencing Guidelines Manual §1B1.13, it does not appear that Johnson exhausted his administrative remedies with respect to this basis for compassionate release (Doc. 86, p. 1). The BOP response to his request for compassionate release, dated June 10, 2021, notes that his "request is premised on [his] concerns regarding the COVID19 pandemic" and not kidney disease (Doc. 86, p. 1). While the exhaustion requirement in § 3582(c)(1)(A) is an affirmative defense that must be properly invoked by the Government, the Government had no opportunity to do so as Johnson raised it for the first time on reply. See, *Sanford v. United States,* 986 F.3d 779, 782 (7th Cir. 2021).

For the foregoing reasons, Defendant's motion for Compassionate Release under the First Step Act of 2018 (Doc. 88) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 27, 2022**

**STACI M. YANDLE
United States District Judge**